UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

9:19-CV-80342-RLR

KK-PB FINANCIAL, LLC,                                   Bankruptcy Case No:
                                                                                18-19441-EPK

      Appellant,

v.

160 ROYAL PALM, LLC,

      Appellee.
_____/

**ORDER CERTIFYING MATTER FOR DIRECT
APPEAL TO THE UNITED STATES COURT OF APPEALS**

This matter is before the Court *sua sponte*. The instant appeal arises from bankruptcy proceedings in *In re 160 Royal Palm, LLC*, Case No. 18-19441-EPK (Bankr. S.D. Fla.). Appellant KK-PB Financial, LLC, appeals the bankruptcy court's estimation order of February 26, 2019. DE 1, Ex. A ("Estimation Order"). The Court has considered the briefs of the parties and has reviewed the record of related appeals before the Eleventh Circuit Court of Appeals. For the reasons discussed below, the Court certifies this appeal to the Eleventh Circuit under 28 U.S.C. § 158(d)(2)(A)(iv).

## I.    BACKGROUND

The proceedings below involve the chapter 11 bankruptcy of Debtor-Appellee 160 Royal Palm, LLC.[1] Glenn Straub, a Palm Beach County developer, is the sole member of Appellant KK-PB Financial, LLC ("KK-PB"). Straub formerly held a 100% membership interest in Debtor, and Debtor owned the Palm House Hotel, an unfinished hotel in Palm Beach, Florida. In August 2013, a "seller-financed" transaction was consummated in which (1) Straub's equity

---

[1] This factual history is derived from Appellant's Statement of the Case and Facts in its brief at docket entry 23, unless cited otherwise.

interest in Debtor (and thus his indirect ownership of the Hotel) transferred to Palm House LLC, a special purpose vehicle created by Robert Matthews, the former manager of Debtor;[2] (2) Matthews paid $6.2 million in cash to Straub; and (3) Debtor issued a $27.468 million promissory note to KK-PB, secured by a mortgage on the Hotel. The mortgage was not recorded until March 28, 2014, and Debtor defaulted on the note on February 1, 2015.[3]

On August 2, 2018, Debtor filed for chapter 11 bankruptcy, under which it sought to liquidate the Hotel, its most significant asset. KK-PB filed a proof of claim evidencing its mortgage interest in the Hotel, and Debtor objected to the proof of claim on the grounds that the note and mortgage were void as part of a fraudulent transfer. Debtor moved for approval to sell the Hotel through public auction and to prevent KK-PB from credit bidding for the Hotel, which means using the mortgage interest to support a bid to purchase the Hotel. KK-PB responded by moving for the bankruptcy court to estimate its mortgage claim "to permit it to credit bid at the auction and to determine the amount of its maximum credit bid."

The bankruptcy court set each party's motion for hearing. KK-PB contends that at the hearing, the bankruptcy court went beyond the purpose of the hearing that was noticed to the parties and proceeded to estimate KK-PB's claim for all purposes, not just for credit bidding. The bankruptcy court issued the Estimation Order on February 26, 2019, under which KK-PB's mortgage of the Hotel was valued at $0 for all purposes. DE 1, Ex. A. The basis for this decision was that the note and mortgage were part of a constructively fraudulent transfer under Florida law because Debtor did not receive "reasonably equivalent value." The effect of the Estimation Order was to disallow KK-PB's claim. In other words, KK-PB was not entitled to

---

[2] DE 27, at 2.
[3] DE 27, at 10.

credit bid to purchase the Hotel, and further, KK-PB was not entitled to participate in the proceeds of the Hotel's sale based on its mortgage interest. The Estimation Order is the subject of this appeal.

As a result of the delay caused by the credit-bidding and estimation disputes, Debtor moved to extend the bidding deadline.[4] The bidding procedures were originally approved on October 16, 2018, at which point there was a stalking-horse bid for $32 million. After several extensions, the bidding deadline was ultimately set to March 4, 2019. In January and February of 2019, during the estimation hearing, Debtor and KK-PB contemplated a settlement under which KK-PB would purchase the Hotel. Because KK-PB did not tender the deposit required under the settlement, the bankruptcy court did not approve the settlement. On February 26, 2019, the day the estimation order was issued, Debtor moved for approval of a private sale of the Hotel to a new bidder, LR U.S. Hotels Holdings, LLC ("LR"), in which LR would pay $39.6 million, which was higher than the stalking-horse bid of $32 million. KK-PB objected, arguing that it had offered a higher price for the Hotel and that the private sale was improper. The bankruptcy court approved the sale to LR free and clear of liens, claims, and encumbrances on March 12, 2019. Three orders related to that decision were appealed to this Court and affirmed, and they are now on appeal before the Eleventh Circuit.[5]

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 158(d)(2)(A), a court of appeals shall have jurisdiction over a direct appeal if a lower court certifies that any one of the following conditions is met:

---

[4] The facts in this paragraph are derived from this Court's ruling in *In re 160 Royal Palm, LLC*, 600 B.R. 119 (S.D. Fla. 2019).

[5] *In re 160 Royal Palm, LLC*, 600 B.R. 119 (S.D. Fla. 2019), appeal docketed, No. 19-11402 (11th Cir. Apr. 11, 2019) (consolidated appeal of Case Nos. 9:19-cv-80343, 9:19-cv-80351, 9:19-cv-80363).

>    (i)    the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States; or
>
>    (ii)   the case involves a matter of public importance; or
>
>    (iii)  the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
>    (iv)   an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

Notably, this certification standard is not discretionary—a bankruptcy or district court should certify the appeal if it concludes that any one of the four conditions is met. *Brannan v. Wells Fargo Bank, N.A.*, No. 02-16647, 2013 WL 1352350, at *2 (S.D. Ala. Bankr. Apr. 3, 2013).

## III.   DISCUSSION

Under 28 U.S.C. § 158(d)(2)(A)(iv), a district court certifies that immediate appeal of an order "may materially advance the progress of the case or proceeding in which the appeal is taken." Here, several factors indicate that the Court should certify KK-PB's appeal of the Estimation Order to the Eleventh Circuit. First, an issue on appeal here—whether the note and mortgage are void as part of a fraudulent transfer—is directly relevant to KK-PB's arguments on appeal before the Eleventh Circuit.[6] There, KK-PB argues that the bankruptcy court abused its discretion by allowing Debtor to proceed with a private sale of the Hotel when KK-PB had made a higher offer to purchase the Hotel.[7] In deciding that question, the Eleventh Circuit would likely address the fraudulent-transfer issue. Whether KK-PB previously "saddled Debtor with millions of dollars in debt through an illicit fraudulent transfer scheme," as Debtor argues,[8] is

---

[6] DE 23, at 2–3.
[7] Appellant's Brief at 1, *KK-PB Financial, LLC v. 160 Royal Palm, LLC*, No. 19-11402 (11th Cir. May 21, 2019).
[8] Appellee's Brief at 39, *KK-PB Financial, LLC v. 160 Royal Palm, LLC*, No. 19-11402 (11th Cir. June 20, 2019).

relevant to the bankruptcy court's decision to permit the private sale, notwithstanding KK-PB's offer.

Second, the Court's experience with the proceedings below indicates that the parties would very likely appeal this Court's order to the Eleventh Circuit. The dispute between KK-PB and Debtor has already led to six appeals to this Court and two appeals to the Eleventh Circuit. The Eleventh Circuit has scheduled oral arguments on the appeal of the sale orders for November 21, 2019. Certification has the potential to conserve the resources of both the courts and the parties, and it may facilitate a speedier resolution of this bankruptcy dispute as a whole, the life of which can fairly be described as tortuous. Accordingly, the Court certifies the Estimation Order at issue in this appeal to the Eleventh Circuit.

For all of the foregoing reasons, the Clerk of the Court is **ORDERED** to forward this matter to the Eleventh Circuit Court of Appeals. All other pending motions are **TERMINATED**. In the event this matter is remanded to this Court, any party may move for a terminated motion to be reinstated. The Clerk of the Court shall **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 31st day of October, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record